FILED

2010 APR 22 PM 2: 3⬚

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:10-CR-168-T-17 TGW

KARL YOUNGERMAN,
WOODROW ANDERSON, and
ANTHONY GREEN

18 U.S.C. § 371
29 U.S.C. § 501(c)
18 U.S.C. § 1001
29 U.S.C. § 439(b)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

### A. INTRODUCTION

At times material to this Indictment:

1.   The Glass Molders, Plastics Local Union 208 in Bradenton, in the Middle District of Florida, was a labor organization in an industry affecting commerce and subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq.

### THE DEFENDANTS

2.   From in and around October 2003, until in and around June 2006, Defendant KARL YOUNGERMAN was President of the Glass Molders, Plastics Local Union 208.

3.   From in and around October 2003, until in and around June 2006, Defendant WOODROW ANDERSON was Financial Secretary / Treasurer of the Glass

Molders, Plastics Local Union 208.

4. From in and around October 2003, until in and around June 2006, Defendant ANTHONY GREEN was Recording Secretary of the Glass Molders, Plastics Local Union 208.

## B. THE CONSPIRACY

5. From in or around October 2003, to in or around June 2006, in the Middle District of Florida, and elsewhere,

> KARL YOUNGERMAN,
> WOODROW ANDERSON, and
> ANTHONY GREEN,

the defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with one another and with others known and unknown to the Grand Jury to embezzle, steal, and unlawfully and willfully abstract and convert to their own use and the use of another the moneys, funds, securities, property, and other assets of the Glass Molders, Plastics Local Union 208, while officers of that labor union.

## C. MANNER AND MEANS OF THE CONSPIRACY

6. It was a part of the conspiracy that the defendants, YOUNGERMAN, ANDERSON, and GREEN, and others would and did write themselves checks from the Glass Molders, Plastics Local Union 208 Bank of America checking account for funds to which they were not entitled and deposit those checks into their personal bank accounts and the accounts of others.

7. It was further part of the conspiracy that defendant ANDERSON and others would and did falsify the union's check ledger and checks stubs to conceal the

purpose and recipients of the embezzled funds.

8.     It was further part of the conspiracy that defendant GREEN and others would and did falsify monthly membership sign in sheets to conceal the fact that the defendants did not obtain the approval of the membership before paying themselves additional union funds, as required by the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq.

9.     It was further a part of the conspiracy that defendants YOUNGERMAN and ANDERSON would and did make false statements on the form LM-4 that was required to be filed with the International Glass Molders Plastics union, specifically the defendants falsified the total payments to officers and employees of the union for the fiscal year ending October 31, 2005.

### D. OVERT ACTS

10.    In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

     a)    On or about June 30, 2004, defendant YOUNGERMAN received Glass Molders Plastics Local No. 208 check number 5783 in the amount of $4,374, signed by himself and defendant ANDERSON, for funds to which he was not entitled.

     b)    On or about November 12, 2004, defendant YOUNGERMAN received Glass Molders Plastics Local No. 208 check number 5824 in the amount of $1,000, signed by himself and defendant ANDERSON, for funds to which he was not entitled.

c)  On or about November 12, 2004, defendant ANDERSON received Glass Molders Plastics Local No. 208 check number 5826 in the amount of $1,000, signed by himself and defendant YOUNGERMAN, for funds to which he was not entitled.

d)  On or about November 12, 2004, defendant GREEN received Glass Molders Plastics Local No. 208 check number 5822 in the amount of $1,000, signed by defendants YOUNGERMAN and ANDERSON, for funds to which he was not entitled.

e)  On or about April 29, 2005, defendant YOUNGERMAN received Glass Molders Plastics Local No. 208 check number 5889 in the amount of $500, signed by himself and defendant ANDERSON, for funds to which he was not entitled.

f)  On or about April 29, 2005, defendant ANDERSON received Glass Molders Plastics Local No. 208 check number 5893 in the amount of $500, signed by himself and defendant YOUNGERMAN, for funds to which he was not entitled.

g)  On or about April 29, 2005, defendant GREEN received Glass Molders Plastics Local No. 208 check number 5890 in the amount of $500, signed by defendants YOUNGERMAN and ANDERSON, for funds to which he was not entitled.

h)  On or about August 3, 2005, defendant YOUNGERMAN received Glass Molders Plastics Local No. 208 check number 5916 in the amount of $200, signed by himself and defendant ANDERSON, for funds to which he was not entitled.

i)  On or about August 3, 2005, defendant ANDERSON received Glass Molders Plastics Local No. 208 check number 5918 in the amount of $200, signed by himself and defendant YOUNGERMAN, for funds to which he was not

entitled.

j) On or about August 3, 2005, defendant GREEN received Glass Molders Plastics Local No. 208 check number 5917 in the amount of $200, signed by defendants YOUNGERMAN and ANDERSON, for funds to which he was not entitled.

k) On or about January 13, 2006, defendants YOUNGERMAN and ANDERSON made a false statement and representation of material fact knowing it to be false in a report and document required to be filed by the Glass Molders, Plastics Local Union 208 with the Secretary of Labor pursuant to Section 431 of Title 29, United States Code, that is, the annual financial report form LM4, for the union's fiscal year ending on October 31, 2005.

In violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH SEVEN

11. Paragraphs one through four are incorporated by reference as if fully set forth herein.

12. On the dates listed below, in the Middle District of Florida, the defendants,

KARL YOUNGERMAN,
WOODROW ANDERSON, and
ANTHONY GREEN,

while officers, that is, President, Financial Secretary/Treasurer, and Recording Secretary, respectively, of the Glass Molders, Plastics Local Union 208, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to their own use and the use of another the moneys, funds, securities, property, and other assets of said labor organization, and

aided and abetted each other in the embezzlement, stealing, and unlawful and willful abstracting and converting to their own use and the use of another, the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amounts listed below:

| Count | Check Number | Date of Check | Amount of Check | Recipient |
|---|---|---|---|---|
| 2 | 5889 | April 29, 2005 | $500 | Karl Youngerman |
| 3 | 5916 | August 3, 2005 | $200 | Karl Youngerman |
| 4 | 5893 | April 29, 2005 | $500 | Woodrow Anderson |
| 5 | 5918 | August 3, 2005 | $200 | Woodrow Anderson |
| 6 | 5890 | April 29, 2005 | $500 | Anthony Green |
| 7 | 5917 | August 3, 2005 | $200 | Anthony Green |

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT EIGHT

13. Paragraphs one through four are incorporated by reference as if fully set forth herein.

14. On or about January 13, 2006, in the Middle District of Florida,

> KARL YOUNGERMAN and
> WOODROW ANDERSON,

defendants, knowingly and willfully made and caused to be made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States, namely, a statement to the U.S. Department of Labor on the U.S. Department of Labor Employment Standards

Administration office of Labor-Management Standards Form LM-4, entitled "Labor Organization Annual Report," that the total payments to officers and employees of the Glass Molders, Plastics Local Union 208 for the fiscal year ending October 31, 2005, was $18,554, when, in fact, the total amount of payments to officers and employees was more than $18,554.

All in violation of Title 18, United States Code, Sections 1001 and 2.

## COUNT NINE

15. Paragraphs one through four are incorporated by reference as if fully set forth herein.

16. On or about January 13, 2006, in the Middle District of Florida, the defendants,

KARL YOUNGERMAN and
WOODROW ANDERSON,

did make a false statement and representation of material fact knowing it to be false and did knowingly fail to disclose a material fact in a report and document required to be filed by the Glass Molders, Plastics Local Union 208 with the Secretary of Labor pursuant to Section 431 of Title 29, United States Code, that is, the annual financial report form LM4, for the union's fiscal year ending on October 31, 2005.

All in violation of Title 29, United States Code, Section 439(b).

## FORFEITURES

1. The allegations contained in Counts One through Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  From their engagement in the violations alleged in Counts One through Seven of this Indictment, punishable by imprisonment for more than one year, the defendants,

> KARL YOUNGERMAN,
> WOODROW ANDERSON, and
> ANTHONY GREEN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the violation as alleged in Counts One through Seven.

3.  If any of the property described in paragraph two or three, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. BRIAN ALBRITTON
United States Attorney

By: _____
AMANDA L. RIEDEL
Assistant United States Attorney

By: _____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, Economic Crimes